Case 2:23-cr-20061-DDC  Document 31  Filed 06/25/24  Page 1 of 11

FILED
U.S. District Court
District of Kansas

JUN 25 2024

Clerk, U.S. District Court
By_____ Deputy Clerk

In the United States District Court

United States,   *   In the Tenth
Plaintiff.           Judicial District.
        vs.      *
Isaac Vano,          Case Number:
Defendant.       *   (23-20061-DDC)

* Motion for Dismissal.

Comes now; Isaac Vano, the defendant, "pro-se", to move this Court in his request for a judgment of dismissal. In support of his motion, the Defendant submits the following:

(A) * Jurisdiction;

Before deciding upon the individual merits of a case, the Court must first consider Subject-Matter Jurisdiction, as "Courts have an independant obligation to determine whether Subject-Matter Jurisdiction exists." = Arbaugh vs. Y+H Corporation, 2006 (163 L.ed. 2d. 1092).

(Motion for Dismissal)

1/11

Subject-Matter Jurisdiction can be established one of three possible ways: first through Territorial Jurisdiction, (i.e. places where congress holds exclusive legislative authority), second through Concurrent Jurisdiction, where the power to punish has been delegated to congress by enumeration, (ie counterfeiting, piracy, war crimes, and treason), or through Special Maritime Jurisdiction (i.e. U.S. flagged ships and the Canal Zone).

Federal Territorial Jurisdiction (as it is defined in title 18 U.S.C. Section 5) is limited to "federal areas", "federal enclaves", and "federal islands" that may sit within the exterior boundries of the Several Union States. These places include: "The District of Columbia", "The Commonwealth of Puerto Rico", "American Samoa", "Guam", "The U.S. Virgin Islands", "Northern Mariana Islands", and "The Marshal Islands".

"Congress cannot by legislation, enlarge the federal jurisdiction, nor can it be enlarged by the treaty-making power. Special

(Motion for Dismissal)

2/11

provision is made in the Constitution for the cession of jurisdiction from States over places where the federal government shall establish forts, or other military works." (confer: article 1, Section 8, clause 17). "And it is only in these places, or in the territories of the United States where it can exercise a general jurisdiction." = New Orleans Vs. United States, 1836 (35 U.S. 662). See also, United States Vs. Morrison, 2000 (52 U.S. 598) quoting Cohens Vs. Virginia, 1821 (6 Wheat 264), holding that "It is clear that congress cannot punish felonies generally."

"Federal jurisdiction extends to certain enumerated objects only, and leaves to the Several States a residuary and inviolable sovereignty over all other objects." = Federalist Papers (No. 39).

If a crime occurs on any unceded land within one of the Several Union States, general subject-matter jurisdiction is presumptively reserved to the States, per the Tenth Amendment.

(Motion for Dismissal)

3/11

In declaring that the offenses had occurred within "the District of Kansas" the charging document fails not only to establish actual jurisdiction, but attempts to usurp State Sovereignty through the prosecuting of crimes as if the State of Kansas were a federal possession, such as "the District of Columbia".

The federal government is not automatically vested with jurisdiction over the place of a crime simply because it is alledged to have occurred within a particular judicial district. "The danger of such a step by the federal government in the direction of taking over the powers of the States is that the end of the journey may find the States so despoiled of their powers, or — what may amount to the same thing — so relieved of the responsibilities which possession of the powers necessarily enjoins, as to reduce them to little more than geographical subdivisions of the National domain." = Carter Vs. Carter Coal Co. 1936 (298 U.S. 238).

(Motion for Dismissal)

4/11

"The United States never held any municipal sovereignty, jurisdiction, or right of soil in and to the territory, of which Alabama, or any of the new States were formed. The United States have no constitutional capacity to exercise municipal jurisdiction, sovereignty, or eminent domain, within the limits of a State or elsewhere, except in which it is expressly granted." = Pollard Vs. Hagan, 1845 (3 How. U.S. 212).

Here, the government has not shown evidence of ownership, cession, or acceptance of jurisdiction over the place of the alleged crimes.

"It is conclusively presumed that jurisdiction has not been accepted untill the Government accepts jurisdiction over land as provided in this section." = Title 40 U.S.C. Section 3112 (c). See also, Adams Vs. United States, 1943 (319 U.S. 312).

None of the material in discovery has yet established an interstate commerce provenance for the supposed silencers (see Defendant's

motion for a Bill of particulars). Likewise, there is also insufficient evidence to establish an interstate commerce nexus for the ammunition. The Defendant has not engaged in interstate commerce therewith; as the ammunition in question was acquired within the State of Kansas, at a time before the Defendant was yet branded a "felon"; And although some of the ammunition may have been manufactured in other states, "Commerce or trade, (stood) in contrast to productive activities like manufacturing and agriculture." = United States Vs. Lopez, 1995 (514 U.S. 549).

Here, the alledged criminal activity did not occur on federal land, nor is it to have taken place upon the High Seas; neither may the prosecution claim to hold Concurrent Jurisdiction, as the Enumeration of Powers doctrine prohibits congress from exercising criminal jurisdiction concurrent with the Union States beyond the four provisions wherein the power to punish has been delegated by the Constitution.

(Motion for Dismissal)

"The Constitution contains no grant, general or specific, to congress of the power to provide for the punishment of crimes, except piracies and felonies committed on the high seas, offences against the law of nations, treason, and counterfeiting the securities and current coin of the United States." = Logan Vs. United States, 1892 (144 U.S. 263).

(B) * Constitutionality, Count #1,

Next, the Defendant requests that the Court dismiss Count #1 of the indictment on the grounds that the Statute 18 U.S.C. section 922(g)(1) violates the Second Amendment of the United States Constitution as applied to his case.

18 U.S.C. 922(g)(1) makes it a crime for any person to possess a firearm or ammunition if he has been previously convicted of an offense "punishable by imprisonment for a term exceeding one year". However, the Second Amendment's plain text clearly prohibits governmental

(Motion for Dismissal)

7/11

(Motion for Dismissal)

infringment upon the Right of the People to keep and bear arms.

Following the Supreme Court's analysis deciding New York State Rifle and Pistol Assn. V.S. Bruen, 2021 (597 U.S. 1); Second Ammendment jurisprudence has made a deffinative shift in our Country. The analasys given in "Bruen", particularly with regard to "felon in possession of a firearm" statutes has resulted in several cases where 18 U.S.C. 922(g)(1) has been found to be unconstitutional. Take, for example, the case of United States V.S. Bullock, 2023 (Lexis 112,397) from the Southern district of Mississippi, attached: in deciding "Bullock", the Honourable Judge Carlton Reeves has demonstrated thouroughly, that 922(g)(1)'s categorical prohibition on firearm ownership by fellons, is inconsistant with this nation's historical tradition of firearm regulation.

In United States V.S. Duarte, 2024 (case# 22-50048) 9th circuit, the Honourable Judge Carlos T. Bea opined that "the mode of analysis established in "Bruen"

8/11

requires Courts to assess all Second Ammendment challenges through the dual lenses of text and History. If the Second Ammendment's plain text protects the person, the armament, and the course of conduct, it then becomes the government's burden to prove the challenged law is consistent with the national tradition of historical firearm regulation."

In this case, the Defendant is a natural-born American Citizen, the armament is commonplace ammunition, and the course of conduct is simple possession within the home.

The Second Ammendment confers an individual Right that does not exclude "fellons", but belongs to all Americans, "not an unspecified subset." = District of Columbia vs. Heller, 2008 (554 U.S. 570).

The Defendant therefore asks this Court for protection against unconstitutional prosecution; according to it's duty to uphold the Constitution of the United States.
(Motion for Dismissal)

\* \* \*

(C) \* Constitutionality, Count #2;

Last, the Defendant requests this Court dismiss Count #2 of the indictment, as the application of 26 U.S.C. 5861(d) violates his Right to fundamental fairness by proscribing the failure to perform an action of which he is legally incapable of performing, (i.e. Registration). Furthermore, section 5812(a) precludes registration (as invalidating), by congressional decree, its constitutional basis, the congressional taxing power.

Controlling 10th circuit case: (United States vs. Dalton, 1992 (960 F. 2d. 121), attached, held "A provision, which is passed as an exercise of the taxing power, no longer has that constitutional basis when congress decrees that the subject of that provision can no longer be taxed."

As a prohibited person, congress has decided, as a regulatory measure, not to accept my tax revenue should I have tried to register, per the N.F.A.

(Motion for Dismissal)

10/11

\* \* \*

\* In Conclusion;

The Defendant requests dismissal for lack of Subject-Matter Jurisdiction; or in the alternative, by reason of the two constitutional challenges presented — the Second Amendment, for count #1 — and the issues of Due Process and the congressional taxing power, for Count #2.

Respectfully,

\* Wednesday, June 19, 2024          \* Isaac Vono

\* \* \*

\* Certificate of Service:

I hereby certify that a True and correct copy of the foregoing "Motion for Dismissal," has been filed electronically for service to all parties, by and through My attorney, Miss Laquisha Ross.

\* Isaac Vono

11/11  \* Tuesday, June 25, 2024

(Motion for Dismissal)